LOKEN, Circuit Judge,
concurring in part and dissenting in part.
I agree with the court that Jason Powell’s First Amendment claim warrants no greater preliminary injunctive relief than the district court granted. I join Parts I and II of the court’s opinion. I respectfully dissent from the decision to remand for further consideration of whether Powell’s void-for-vagueness Due Process claim warrants additional preliminary injunctive relief.
“As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.” Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983). This due process doctrine has been applied more broadly, but facial vagueness challenges to government restrictions “that do not threaten First Amendment rights are not favored [and] a concrete showing of irreparable injury is needed to justify preliminary injunctive relief barring enforcement.” Reproductive Health Serv. of Planned Parenthood of the St. Louis Region, Inc. v. Nixon, 428 F.3d 1139, 1143 (8th Cir.2005). Indeed, when a statute, regulation, or ordinance does not implicate constitutionally protected conduct such as speech, a court “should uphold the challenge only if the enactment is impermissibly vague in all of its applications.” Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982).
Here, Powell challenges unwritten policies that carry no criminal or civil sanction and were adopted to carry out the important police functions of maintaining order and managing traffic. Cf. Iowa Code §§ 321.229, 321.236(2). That the policies are unwritten “is not fatal.” Faustin v. City and Cty. of Denver, 423 F.3d 1192, 1202 (10th Cir.2005). Divorced of First Amendment concerns, the vagueness claim is inherently dubious. When the challenge is to imprecise non-criminal standards— for example, “good taste,” “appropriate manner,” or “good citizenship” — absent a showing that policies have a chilling effect on the free speech rights of third parties, the question is whether they “violate the due process clause as applied to the specific facts of this case.” Woodis v. Westark Cty. Coll., 160 F.3d 435, 439 (8th Cir.1998).
Applying this well-established authority, it is apparent that Powell’s motion for a preliminary injunction turned on the strength of his First Amendment claim. The Due Process claim added nothing,' and the district court did not err in failing separately to address it. Indeed, any procedural due process claim Powell may have had was foreclosed when he acceded to the officers’ commands that he leave the State Fair, rather than challenging the validity of their actions. See Stephenson v. Daven *705 port Cty. Sch. Dist., 110 F.3d 1303, 1312-13 (8th Cir.1997).
I would affirm the district court’s order granting in part and denying in part Powell’s motion for a preliminary injunction.